UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| A'SHAUN THOMPSON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>STATE FARM FIRE AND )<br>CASUALTY COMPANY, )<br>)<br>Defendant. ) | Case No. 4:24-cv-01639-MTS |

## MEMORANDUM OPINION

Pursuant to the Court's initial informal process for raising discovery disputes, *see* Doc. [20] ¶ (I)(3)(h); *see also* Fed. R. Civ. P. 16(b)(3)(B)(v), the parties brought to the Court a disagreement over attorney-client privilege and work product redactions that Defendant had made in discovery responses to Plaintiff. After consulting with the parties, the Court reviewed the redacted portions *in camera*, aided by Defendant's privilege log and a letter brief from Plaintiff. After an attentive review, the Court finds nearly all challenged redactions were appropriate.

The specific information related to Defendant's loss reserve are protected work product. *See Jo Ann Howard & Assocs., P.C. v. Cassity*, 4:09-cv-1252-ERW, 2018 WL 2762266, at *7 (E.D. Mo. June 8, 2018); *accord Meighan v. TransGuard Ins. Co. of Am.*, 298 F.R.D. 436, 444–45 (N.D. Iowa 2014). The remaining contested portions are communications between Defendant and its coverage counsel undertaken for the specific purpose of obtaining legal advice; information detailing that advice or prepared to obtain

the advice; or are work product prepared after the anticipation of litigation began. They therefore are properly redacted.[*]

For purposes of the record, the Court will have the Clerk attach to this Memorandum Opinion a copy of the privilege log and of Plaintiff's letter brief.

Dated this 24th day of October 2025.

                                                MATTHEW T. SCHELP
                                                UNITED STATES DISTRICT JUDGE

---

[*] There are some redactions that pertain to the identity of Defendant's attorneys or payments Defendant made to them. The Court doubts these redactions were proper. *Cf. In re Grand Jury Proc. (85 Misc. 140)*, 791 F.2d 663, 665 (8th Cir. 1986) ("The identity of one's client usually falls outside the scope of the attorney-client privilege."); *Tipton v. Barton*, 747 S.W.2d 325, 332 (Mo. Ct. App. 1988) (finding that attorney billing statements do not fall within the attorney-client privilege). Nevertheless, the Court will not require Defendant to un-redact this information and provide it to Plaintiff at this time because the Court finds that the information is outside the scope of discovery. *See Sampson v. Schenck*, 8:07-cv-0155-TDT, 2009 WL 484224, at *3 (D. Neb. Feb. 23, 2009) (noting a court need not reach the issue of privilege when the information sought is not discoverable under Rule 26); *see also* Fed. R. Civ. P. 1.